```
 1  MCGREGOR W. SCOTT
    United States Attorney
 2  MATTHEW D. SEGAL
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2708
```

**FILED**

MAY 2 3 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>           Plaintiff,        )<br>                             )<br>      v.                     )<br>                             )<br>DONALD TAYLOR                )<br>                             )<br>           Defendant.        )<br>_____) | CASE NO. 2:08-MJ-182 GGH<br><br>STIPULATION AND [PROPOSED] ORDER TO EXCLUDE TIME AND CONTINUE PRELIMINARY EXAMINATION |

The parties request that the deadline for preliminary examination or indictment be continued from May 30, 2008 to June 20, 2008 at 2:00 P.M.. They stipulate that the time between May 30, 2008 and June 20, 2008 should be excluded from the calculation of time under the Speedy Trial Act. The parties stipulate that the ends of justice are served by the Court excluding such time, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). Specifically, the parties require additional time to evaluate the evidence in contemplation of a pre-indictment disposition. The parties stipulate and agree that the

interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Defendant understands that but for this waiver, he would have a right to have an indictment filed within thirty days of his arrest. 18 U.S.C. § 3161(b).

Further, the Defendant consents to an extension of the time for preliminary examination until June 20, 2006. Fed. R. Crim. P. 5.1(d). The parties stipulate that the grounds set forth above for the continuance constitute a good cause that outweighs the public's interest in the prompt disposition of criminal cases, in accordance with Fed. R. Crim. P. 5(d)

Respectfully Submitted,

McGREGOR W. SCOTT
United States Attorney

DATE: May 22, 2008      By:     /s/ Matt S/
                                MATTHEW D. SEGAL
                                Assistant U.S. Attorney

DATE: May 22, 2008              Benjamin Galloway
                                Attorney for Defendant

SO ORDERED.

**GREGORY G. HOLLOWS**

DATE:
                                HON. HON. GREGORY G. HOLLOWS
                                U.S. District Judge